# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES E. GRANBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-1695-CDP |
| ) | |
| PATRICIA TOBIAS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of James E. Granberry (registration no. 20669) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $194.00, and an average monthly balance of $277.86. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $55.57, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Patricia Tobias (Court Clerk), St. Louis County Circuit Court, the 21st Judicial Circuit, Charlie A. Dooley (St. Louis County Executive), Robert McCulloch (Prosecuting Attorney), Gene McNary (former Prosecuting Attorney and St. Louis County Executive), "The Estate of Former St. Louis County Prosecuting Attorney, Former St. Louis County Executive," Paul Fox (Director of Judicial Administration), Victoria Mullen McKee (Court Commissioner), Greg Linhares (Office of State Courts Administrator), Gary Waint (Deputy Office of State Courts Administrator), Julie R.

Upschulte (Missouri Sentencing Advisory Commission), Kim Green (Program Specialist), Patricia Redington (County Counselor), and Joan M. Gilmer (Court Clerk).

Plaintiff alleges that defendants violated his constitutional rights approximately thirty-eight years ago, when he was arrested, held without a warrant, tried, re-tried, and convicted of murdering a white police officer. In addition, plaintiff claims that in July 2005, defendant Patricia Tobias destroyed legal documents that he had sent to the Court for filing.

**Discussion**

To determine the applicable limitations period for § 1983 claims, federal courts borrow state statutes of limitations for general personal injury claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Missouri, the applicable limitations period for general personal injury claims is five years. Mo. Rev. Stat. § 516.120(4) (2000). Plaintiff filed this case in September of 2012. Any claims that arose before September of 2007 are therefore untimely. Because all of the events set forth in the complaint occurred years before that date, the instant action is untimely and will be dismissed under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] Because the claims are clearly time-barred, I do not discuss all the other failings of the complaint. The complaint is legally frivolous for many reasons, but I have not recited them all here.

*See Lohman v. Kempker*, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $55.57 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is time-barred. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order. Dated this 10th day of October, 2012.

                                               UNITED STATES DISTRICT JUDGE